UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VINCENT HORNS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-02406-JPH-TAB |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING CERTIFICATE OF APPEALABILITY**

On December 19, 2022, the Court directed the petitioner Vincent Horns to submit a copy of the transaction history associated with his institution trust account for the 6-month period preceding the filing of this action on December 14, 2022, and to explain why his petition for a writ of habeas corpus should not be dismissed for failure to exhaust state court remedies. Dkt. 6. In response, Mr. Horns states that he was deemed indigent by the state court, and he asks this Court to stay this case pending the outcome of his state appeal. Dkt. 7.

**I.     Motion for Leave to Proceed *In Forma Pauperis***

Mr. Horns' motion for leave to proceed in forma pauperis, dkt. [2], is **denied without prejudice** because he has not provided a copy of his institutional trust account. He shall have **through February 10, 2023**, in which to pay the $5.00 filing fee or submit a copy of the transaction history associated with his institution trust account for the 6-month period preceding the filing of this action on December 14, 2022.

1

## II.  Dismissal for Failure to Exhaust

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (cleaned up); *see* 28 U.S.C. § 2254(b)(1)(A). Mr. Horns does not dispute that he has not completed at least one round of state-court review. Instead, he asks the Court to stay his petition until his state appeal is completed. Dkt. 7.

The Supreme Court has held that stay and abeyance in habeas actions should be granted only when the petitioner demonstrates good cause for failing to exhaust arguably meritorious claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Mr. Horns has not shown good cause for failing to exhaust his state court remedies. Instead, his direct appeal is currently pending.

"Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). District courts may stay a fully unexhausted petition, such as Mr. Horns', if the one-year limitations period has expired or is close to expiring. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). But Mr. Horns' conviction is not yet final, so he has an entire year to refile his federal habeas petition after his direct appeal concludes in state court. Therefore, a stay of this action is not warranted.

It is clear from Mr. Horns' petition and his return to the show cause order that he has not exhausted his state court remedies. Therefore, his petition is **dismissed without prejudice**, which means that he may refile his petition after exhausting his state court remedies.

Judgment consistent with this Order shall now issue.

### III. Certificate of Appealability

In addition, the Court finds that a certificate of appealability shall not issue. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The petitioner has not shown that he has exhausted state court remedies. Jurists of reason would not disagree that the petition must be dismissed under these circumstances and nothing about the claim deserves encouragement to proceed further. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court therefore **denies** a certificate of appealability.

### IV. Conclusion

Mr. Horns' motion for leave to proceed in forma pauperis, dkt. [2], is **denied**. He shall have **through February 10, 2023**, in which to pay the $5.00 filing fee or submit a copy of the transaction history associated with his institution trust account for the 6-month period preceding the filing of this action on December 14, 2022.

Mr. Horns' petition is **dismissed without prejudice.** Final judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 1/11/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VINCENT HORNS
168048
P.O. BOX 87 (RED)
DANVILLE, IN 46122